UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19 CR 391 |
| v. | |
| BRETT SIEGEL | Judge John Robert Blakey |

**GOVERNMENT'S POSITION PAPER AS TO SENTENCING FACTORS**

The UNITED STATES OF AMERICA, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby submits this position paper with respect to the sentencing of defendant Brett Siegel in the above-captioned matter. For the reasons set forth below, the government respectfully requests that the Court sentence defendant to a sentence within the Guideline range of 70 to 87 months' imprisonment and impose a five-year term of supervised release.

## I. PROCEDURAL HISTORY

On May 7, 2019, a grand jury returned an indictment charging defendant Brett Siegel with: (1) receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count One); (2) access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two); and (3) possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count Three). Dkt. No. 1. On December 5, 2023, at a change of plea hearing, defendant pleaded guilty to Count One of the indictment pursuant to a plea agreement. Dkt. Nos. 103, 104. This matter is scheduled for sentencing on March 5, 2024. Dkt. No. 103.

## II.     FACTUAL BACKGROUND[1]

Over the course of years, defendant, a pediatric social worker, used the internet to attempt to gain access to images and videos depicting child pornography. As part of his efforts to view child pornography, defendant repeatedly encouraged another man to record his spankings of his minor sons and another minor boy and send those recordings to defendant.

### A.     Offense Conduct (Receipt of Child Pornography)

Between in or around December 2014 and October 2017, defendant used messaging software on a computer connected to the internet in Chicago, Illinois, to knowingly receive images depicting child pornography from other individuals using the same messaging software.

In particular, on July 25, 2015, defendant, through the screenname jayhawk240, used messaging software to knowingly receive from Individual A the image identified in Count One of the indictment. The image depicted a boy under the age of five bent forward on his knees, with a man spreading the boy's buttocks and licking his anus, and with a thought balloon with the phrase "oh yes daddy" superimposed on the image. Upon receiving the image file, defendant asked

---

[1] The information in this section is derived from the plea agreement, reports, and other materials provided to Probation in connection with the preparation of the PSR. At sentencing, a district court may rely upon information contained in a PSR as long as the information is well-supported and appears reliable. *United States v. Salinas*, 365 F.3d 582, 587 (7th Cir. 2004).

Individual A to send more videos. The child depicted in the image is a real minor child. Defendant knew the child was under the age of 18.

**B.    Relevant Conduct**

*1.    Access with Intent to View Child Pornography*

Between in or around May 2017 and January 2018, defendant exchanged numerous text messages with Individual B, whom he knew from a "Parenting and Spanking" online message board. Over the course of these communications, defendant encouraged Individual B's spankings of his minor sons and an unrelated boy ("Victim A"). In turn, Individual B shared access to folders on a cloud storage system containing image files of his sons and Victim A, including depictions of bare buttocks being spanked, and audio files of (and about) spanking Victim A, which defendant accessed.

Specifically, during this period, defendant used cloud storage software on a computer connected to the internet to knowingly access with intent to view images depicting child pornography. For example, on October 31, 2017, defendant used cloud storage software to knowingly access with intent to view an image file identified in Count Two of the indictment. The image depicted Victim A, a pubescent boy, standing in front of a bathroom sink with his penis visible and his head not in view. The child depicted in the image is a real minor child. Defendant knew the child was under the age of 18.

3

### 2. *Possession of Child Pornography*

On June 18, 2018, defendant knowingly possessed a laptop computer on which he had stored images depicting child pornography. The laptop computer contained approximately 56 image files depicting child pornography. The children depicted in those images are real minor children. Defendant knew they were under the age of 18.

Among the images possessed by defendant on the electronic device listed above were depictions of prepubescent minors and minors who had not attained 12 years of age. For example, defendant possessed on his laptop computer the three images identified in Count Three of the indictment. Those images depicted, respectively: (1) a boy under the age of 10, with semen on his freckled face, being straddled by a man with his penis on the boy's chest; (2) a Caucasian boy performing oral sex on the penis and torso of another adolescent's torso; and (3) a small boy performing oral sex on a penis.

## III.   SENTENCING GUIDELINES CALCULATIONS

### A.   Offense Level

The government agrees with the offense level calculations set forth in the PSR. PSR ¶¶ 22-36. Accordingly, the government agrees that the base offense level is 22, pursuant to Guideline § 2G2.2(a)(2). PSR ¶ 23.

The government agrees that the offense level is reduced by two levels, pursuant to Guideline § 2G2.2(b)(1), because the offense and relevant conduct were limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and the defendant did not intend to traffic in, or distribute, such material. PSR ¶ 24. The

4

government agrees the offense level is increased by two levels, pursuant to Guideline § 2G2.2(b)(2), because the material involved in the offense and relevant conduct involved a prepubescent minor or a minor who had not attained the age of 12 years. PSR ¶ 25. The government agrees the offense level is increased by four levels, pursuant to Guideline § 2G2.2(b)(4), because the offense and relevant conduct involved material that portrays sadistic or masochistic conduct or other depictions of violence and sexual abuse, or sexual abuse or exploitation of an infant or toddler. PSR ¶ 26. The government agrees the offense level is increased by two levels, pursuant to Guideline § 2G2.2(b)(6), because the offense and relevant conduct involved the use of a computer or an interactive computer service for the receipt or possession of the material. PSR ¶ 27. Finally, the government agrees the offense level is increased by two levels, pursuant to Guideline § 2G2.2(b)(7)(A), because the offense and relevant conduct involved at least 10 images, but fewer than 150. PSR ¶ 28.

The government agrees that defendant is entitled to a three-level offense level reduction pursuant to Guideline §§ 3E1.1(a) and (b). PSR ¶¶ 34, 35. Accordingly, the anticipated offense level is 27. PSR ¶ 36.

### B. Criminal History Category

The government agrees with the probation officer's determination that defendant has zero criminal history points and is in criminal history category I. PSR ¶ 41.

### C.    Advisory Guidelines Range

With an offense level of 27 and a criminal history category of I, defendant's advisory Guidelines sentence is 70 to 87 months' imprisonment. PSR ¶ 79. Defendant is also subject to a statutory minimum sentence of five years' imprisonment. PSR ¶ 78.

## IV.    APPLICATION OF SENTENCING FACTORS

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[2] In order to determine the sentence to impose, the Court must consider the statutory factors listed in § 3553(a)(1) through (7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements. 18 U.S.C. § 3553(a)(4), (5). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). For the reasons set forth below, consideration of the § 3553(a) factors reflects that a Guideline sentence is warranted and necessary.

---

[2] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

## A.     Nature and Circumstances of the Offense

Defendant's receipt and possession of child pornography is not a victimless crime. Each child depicted in the images and videos went through a horrible experience and continues to relive that suffering and endure new suffering because of defendant's actions. The government has received two victim restitution requests and submitted the victims' Victim Impact Statements as exhibits to the Government's Version of the Offense in connection with Probation's completion of the PSR. The government respectfully requests that the Court review these Victim Impact Statements. Each is important. The victims articulate better than any attorney could what it feels like to have pictures and videos of one's abuse irrevocably and repeatedly circulated on the internet for others' sexual gratification.

Every child who is a victim of child pornography offenses has a name and is a real victim of sexual exploitation. They have parents or guardians, siblings, and friends. They go to school and play at the park. They feel emotion, laugh, and cry. As they do these things, people like defendant are exploiting them through their receipt and possession of child pornography. Defendant's crimes contributed to the perpetual victimization of numerous children by supporting the ever-growing market of creation and distribution of child pornography.

## B.     History and Characteristics of Defendant

Defendant's inexcusable criminal conduct is only exacerbated by his employment. For over five years—including the entire period of criminal conduct described *supra* Part II—defendant worked as a pediatric social worker. At the same

7

time defendant was responsible for caring for children in need in hospital and school settings, he was engaging in the online trafficking of child pornography. In mitigation, defendant has no criminal convictions, which has been factored into his Guidelines range.

Defendant has no excuse for doing what he did, over the course of years. Defendant's history and characteristics support a sentence of imprisonment within the Guideline range.

### C. Need to Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

A substantial custodial sentence would promote respect for the law, provide just punishment, and serve as adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(B). As set forth above, this is a serious offense and the sentence imposed by the Court must reflect that. There is a need for a sentence to afford both individual and general deterrence and to promote respect for the law by sending a message to defendant and the community at large that individuals who contribute to the victimization of children by receiving and possessing child pornography will be dealt with severely. Receipt and possession of child pornography are extraordinarily serious offenses that threaten the safety of our children and communities. Congress and the courts have repeatedly reinforced this principle. The legislative history of the Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121 (codified at 18 U.S.C. § 2252A) demonstrates that Congress recognized the destructive impact that the manufacture of child pornography has on the victim: "Congress finds that . . . where children are

8

used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years . . . ." S. Rep. No. 104-358, 1996 WL 506545, § 2(2) (Aug. 27, 1996).

The trafficking of child pornography affects not only the children involved in the particular pornography, but other children and society in general as well. As Congress recognized in enacting the federal child pornography statute, the trafficking of child pornography "inflames the desires of child molesters, pedophiles, and child pornographers who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials." *Id.* at § 2(10)(B). Further, Congress pointed out that "prohibiting the possession and viewing of child pornography will encourage the possessors of such material to rid themselves or destroy the material, thereby helping to protect the victims of child pornography and to eliminate the market for the sexual exploitative use of children . . . ." *Id.* at § 2(12).

By receiving and possessing child pornography, defendant perpetuated the victims' abuse and helped to preserve a permanent record of it. Congress has concluded that this conduct warrants a significant prison term. Many courts have explained why. In *United States v. Goldberg*, the Seventh Circuit reversed the sentence imposed by the district court judge in a child pornography possession case. In so doing, the Seventh Circuit stated:

The district judge was influenced by the erroneous belief that a sentence affects only the life of the criminal and not the lives of his victims. Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded – both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.

491 F.3d 668, 672 (7th Cir. 2007) (citations omitted).

In short, "the 'victimization' of the children involved does not end when the pornographer's camera is put away." *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998). Through his receipt and possession of child pornography, defendant "perpetuate[d] the abuse initiated by the producer of materials" because the pornography creates a "permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *Id.* (quoting *New York v. Ferber*, 458 U.S. 747, 759 (1982)); *see Osborne v. Ohio,* 495 U.S. 103, 111 (1990) ("The pornography's continued existence causes the child victims continuing harm by haunting the children for years to come."); *United States v. Sherman*, 268 F.3d 539, 547 (7th Cir. 2001) ("The possession, receipt and shipping of child pornography directly victimizes the children portrayed by violating their right to privacy, and in particular violating their interests in avoiding the disclosure of personal matters."); *United States v. Goff*, 501 F.3d 250, 259 (3rd Cir. 2007) ("Consumers such as [defendant] who 'merely' or 'passively' receive or possess child pornography directly

10

contribute to this continuing victimization. . . . [H]is voyeurism has actively contributed to a tide of depravity that Congress, expressing the will of our nation, has condemned in the strongest terms.").

A significant period of incarceration is necessary to deter defendant and others from committing similar crimes in the future, to promote respect for the law, and to protect the public. A sentence within the Guideline range is sufficient but not greater than necessary to achieve these goals, as well as the other goals of the Sentencing Reform Act.

## V.    RESTITUTION

With the expansion of federal victims' services and victims' rights laws in the United States, Congress has continually acknowledged the importance of achieving justice for victims of crime, including the "full and timely restitution as provided in law." *The Attorney General Guidelines for Victim and Witness Assistance*, at 64; *see also* 18 U.S.C. § 3771(a)(6). As part of his plea agreement, defendant acknowledged that he must pay restitution, pursuant to 18 U.S.C. §§ 2259 and 3663A, for the victims of his receipt, access with intent to view, and possession of child pornography, to be determined by the Court. Dkt. No. 104 ¶¶ 13, 14.

The government seeks restitution on behalf of the following victims: (i) "Jack," restitution in the amount of $3,000; (ii) "Kauzie," restitution in the amount of $3,000; and (iii) "Victim A," restitution in the amount of $3,000. Pursuant to the Court's order, the government will submit the Victim Import Spreadsheet to Probation by one week prior to the sentencing hearing. Dkt. No. 103.

To the extent that defendant claims that he does not currently have sufficient assets to pay any restitution judgment, the government will ask the Court at sentencing to set a payment schedule that requires defendant to make monthly payments in the amount of 25% of defendant's monthly income until the restitution judgment is satisfied.

## VI.    SUPERVISED RELEASE CONDITIONS

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government agrees with Probation's recommendation for the imposition of a term of supervised release of five years. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in defendant's rehabilitation and reintegration into society, the government supports Probation's recommendation that the term of supervised release include the conditions set forth below.

### A.    Mandatory Conditions of Supervised Release

The government agrees that the following mandatory conditions of supervised release proposed by the Probation Department should be imposed because they are required by 18 U.S.C. § 3583(d) and recommended by Guideline § 5D1.3(a):

- Defendant shall not commit another federal, state, or local crime (Mandatory Condition 1);

- Defendant shall not unlawfully possess a controlled substance (Mandatory Condition 2);

- Defendant shall register and comply with all requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16913) (Mandatory Condition 4); and

12

- Defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law (Mandatory Condition 5).

**B.      Discretionary Conditions of Supervised Release**

The government agrees that the following discretionary conditions of supervised release proposed by the Probation Department should be imposed, as such discretionary conditions will serve to facilitate supervision by the Probation officer, support defendant's rehabilitation and reintegration into society, and serve to promote deterrence and protect the public, and are thus appropriate in this case. Such discretionary conditions are:

- Defendant shall provide financial support to any dependents if financially able to do so (Discretionary Condition 1);

- Defendant shall seek, and work conscientiously at, lawful employment or, if defendant is not gainfully employed, defendant shall pursue conscientiously a course of study or vocational training that will equip defendant for employment (Discretionary Condition 4);

- Defendant shall not knowingly meet or communicate with any person whom defendant knows to be engaged, or planning to be engaged, in criminal activity and shall not knowingly meet or communicate with the following person: Individual B (Discretionary Condition 6);

- Defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%), and from any use of a narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner (Discretionary Condition 7);

- defendant shall not possess a firearm, destructive device, or other dangerous weapon (Discretionary Condition 8);

- Defendant shall not knowingly leave from the federal judicial district where defendant is being supervised, unless granted permission to leave by the court or a probation officer (Discretionary Condition 14);

- Defendant shall report to a probation officer as directed by the court or a probation officer (Discretionary Condition 15);

- Defendant shall permit a probation officer to visit defendant at any reasonable time at home, work, or other reasonable location specified by a probation officer, and shall permit confiscation of any contraband observed in plain view of the probation officer (Discretionary Condition 16);

- Defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer, and shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege (Discretionary Condition 17);

- Defendant shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer (Discretionary Condition 18);

- Defendant shall satisfy other special conditions (Discretionary Condition 22); and

- Defendant shall submit defendant's person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. §1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of defendant's supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner (Discretionary Condition 23).

## C. Special Conditions of Supervised Release

The government recommends that the Court impose the below special conditions of supervised release, which further support defendant's rehabilitation and reintegration into society. Specifically:

14

- Defendant shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless defendant is in compliance with the financial obligations imposed by the Court's judgment (Special Condition 5);

- Defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release (Special Condition 6);

- Within 72 hours of any significant change in defendant's economic circumstances that might affect defendant's ability to pay restitution, fines, or special assessments, defendant must notify the probation officer of the change (Special Condition 7);

- Defendant shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. Defendant shall comply with all recommended treatment which may include psychological and physiological testing. Defendant shall maintain use of all prescribed medications (Special Condition 9);

- Defendant shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. Defendant shall consent to the installation of computer monitoring software on all identified computers to which defendant has access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. Defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software;

- The cost of the monitoring shall be paid by defendant at the monthly contractual rate, if defendant is financially able, subject to satisfaction of other financial obligations imposed by this judgment;

- Defendant shall not possess or use at any location (including defendant's place of employment), any computer, external storage device, or any device with access to the Internet or any online computer service without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system;

- Defendant shall not possess any device that could be used for covert photography without the prior approval of a probation officer;

- Defendant shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to 18 U.S.C. §3583(e)(2), regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider;

- Defendant shall not, without the approval of a probation officer and treatment provider, engage in activities that will put defendant in unsupervised private contact with any person under the age of 18, and defendant shall not knowingly visit locations where persons under the age of 18 regularly congregate, including parks, schools, school bus stops, playgrounds, and childcare facilities. This condition does not apply to contact in the course of normal commercial business or unintentional incidental contact;

- Defendant's employment shall be restricted to the district and division where defendant resides or is supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment, defendant shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community defendant will pose if employed in a particular capacity. Defendant shall not participate in any volunteer activity that may cause defendant to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider;

- Defendant shall provide the probation officer with copies of defendant's telephone bills, all credit card statements/receipts, and any other financial information requested;

- Defendant shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in the Court's order;

- Defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of

defendant's gross earnings minus federal and state income tax withholdings (Special Condition 10);

- Defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court (Special Condition 11); and

- If the probation officer determines that defendant pose a risk to another person (including an organization or members of the community), the probation officer may require defendant to tell the person about the risk, and defendant must comply with that instruction. Such notification could include advising the person about defendant's record of arrests and convictions and substance use. The probation officer may contact the person and confirm that defendant have told the person about the risk (Special Condition 13).

## VII. DETENTION UNDER § 3143(A)(2)

On December 5, 2023, defendant pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Dkt. Nos. 103, 104. At this time, defendant remains on pretrial release pending sentencing. *See* Dkt. No. 103.

The government's position is that, under 18 U.S.C. § 3143(a)(2), defendant must be remanded into the custody of the U.S. Marshals Service at the sentencing hearing. A person who has been found guilty of an offense in a case described in § 3142(f)(1)(A), (B), or (C) must be detained unless: (A) the Court finds a substantial likelihood that a motion for acquittal or new trial will be granted, or the government recommends no sentence of imprisonment; and (B) the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to others or the community. 18 U.S.C. § 3143(a)(2). Where those exceptions do not apply, to avoid detention, it must be "clearly shown" by the defendant "that there are

17

exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

Defendant has been found guilty of a covered offense. Section 3142(f)(1)(A) includes a "crime of violence," which is defined to include "any felony under chapter 77, 109A, 110, or 117." Chapter 110 of Title 18 includes, among other sexual exploitation offenses, receipt of child pornography (§ 2252A(a)(2)(A)), the offense to which defendant has pleaded guilty.

None of the exceptions to the mandatory detention provision applies. There is no pending motion for acquittal or new trial (much less a substantial likelihood one would be granted), and there is a mandatory minimum sentence of imprisonment of five years. There are no "exceptional reasons" why detention would not be appropriate. Therefore, the government's position is that detention is mandatory under § 3143(a)(2) and that defendant should be remanded into custody at sentencing.

## VIII.  CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court impose a Guideline sentence of imprisonment between 70 and 87 months, followed by a five-year period of supervised release.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:     */s/ G. David Rojas*
        G. DAVID ROJAS
        Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5300

19